IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ELLEN MAE BURTON | § | |
|     Plaintiff | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE | § | |
|     Defendant | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

    ELLEN MAE BURTON, (hereafter identified as the "Plaintiff"), files this Original Complaint, complaining of the Texas Department of Criminal Justice ("TDCJ"), and for her cause of action, respectfully shows the following:

## I.
## INTRODUCTION

1.    This action seeks equitable relief, actual damages, compensatory damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for the race discrimination suffered by Plaintiff in the course her employment with the Defendant. Plaintiff' was a Specialized Parole Officer II with a Specialized Sex Offender case load for Defendant until she was terminated on March 2, 2012 because of her race and for reporting abuse and neglect of a child.

2.    Plaintiff's cause of action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* and Chapter 261 of the Texas Family Code.

1

3.       Plaintiff demands a jury on all issues triable to a jury.

## II.
## PARTIES

4.       Plaintiff, ELLEN MAE BURTON, is a resident of GALVESTON COUNTY, Texas.

5.       Defendant, Texas Department of Criminal Justice may be served with process by serving its Executive Director Brad Livingston at the Texas Department of Criminal Justice Head Quarters located at 209 West 14th Street, 5th Floor, Price Daniel Building, Austin, Texas 78701.

6.       Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## III.
## JURISDICTION AND VENUE

7.       This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 since Plaintiff is bringing this claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* with Pendant Jurisdiction over Plaintiff's State Law Claim.  The Court has personal jurisdiction over Defendant since it is an

Agency of the State of Texas.

8. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since the events or omissions giving rise to this cause of action occurred in the Southern District of Texas.

9. This Court has jurisdiction over all claims in this action.

## IV.
## PROCEDURAL REQUISITES

10. Plaintiff filed a charge of race discrimination against Defendant under Charge Number 460-2012-01611 on March 20, 2012 with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission, Civil Rights Division.

11. This lawsuit has been filed within (90) days of Plaintiffs receipt of the Notice of Right to Sue letter.

12. All conditions precedent to filing this cause of action have been met.

## V.
## FACTS

13. Plaintiff is a white female who began her employment as a parole officer with the Texas Department of Criminal Justice in February of 2004.

14. During her employment Plaintiff performed her job at an exemplary level

leading to numerous commendations for performance above and beyond the call of duty, and was promoted to the position of Parole Officer II and served as a specialized officer supervising the sex offender caseload.

15.     On or about January 30, 2012 Plaintiff's Supervisor, Eddison Griffith brought her to his office to take a recent photo of her. Plaintiff was told that Kimberli Campbell, Parole Supervisor at the Angleton District Parole Office nominated the Plaintiff for the Officer of the Year Award. When ARD Curtresha Weston found out about Plaintiff being awarded, she instructed   Mr. Griffith to destroy the award and print another one for Monica Roque. On February 17, 2012, Monica Roque was named Officer of the Year and received the Award at the Staff Valentine's Party.

16.     At or about the same time, Curtresha Weston instructed the Plaintiff's supervisor to increase the Plaintiff's case load.   Shannon Holiday, also a Specialized Parole Office, who is black, had a low case load at the same time but she was not given additional cases.

17.     During her employment, Defendant accused Plaintiff, of exercising her authority as a Parole Officer to have Offender Bobbie Rairdon report to the Webster Parole Office on February 10, 2012, and have the Offender sign over temporary custody of her child to Nicki Clemons, a certified foster mother who cared for the child previously when his

mother was incarcerated.   A review of the Offender Information Management System indicates Parole Officer Burton also interviewed the offender's minor child without representation. The charge alleged that there was in violation of Rule# 43: On duty or off duty conduct as contained in Policy Directive 22 of the Defendant's policy. This accusation was a mere pretext to have the Plaintiff terminated.   In addition the proper chain of command was not followed.

18.	Plaintiff denies violation of policy in regard to this charge.

19.	Plaintiff was working at the direction of Officer Paula Welch of the Galveston County Sheriff's Office Sex Offender Compliance Unit, to find a safe place to bring the minor child pending the arrest of the Offender Bobby Rairdon, (Mother).   Parole Officers are Mandatory Reporters, and are given authority to cooperate with Law Enforcement entities by the authority of Plaintiff's job description Section 3.b.7. Plaintiff also was working on this case with Children's Protective Services.

20.	Defendant failed to communicate with law enforcement to determine the validity of the allegation.   Defendant refused to contact Officer Welch , and her supervisor Captain John Pruitt. The police officer from the child's school was not contacted by the Defendant nor was the School Counselor contacted to confirm the situation regarding this child.

21.     Defendant did not properly investigate the allegation regarding Plaintiff's alleged violation of rule #43.

22.     During the Pre-Hearing Investigation, conducted by Assistant Regional Director, Curtresha Weston, into the alleged allegation, Plaintiff explained the circumstances surrounding the motivation for her actions. Of primary concern was the safety and well being of the child and compliance with the law. Plaintiff explained her actions were at the direction of Law enforcement and were not generated by her alone. There was an urgent need to obtain a safe environment for the child because, there was an open case with Child Protective Services, there was reason to believe the child was suffering from abuse, and the Mother was going to be arrested. The temporary custody was planned as a result of a meeting with the Offender (mother), and Officer Paula Welch, and the Offender agreed to it.   Plaintiff stated she acted in the interest of the child, and believed in good faith that that was her duty as a parole officer.

23.     Nevertheless, Plaintiff was advised during a disciplinary hearing conducted by Milton David Johnson, Assistant Regional Director, on March 2, 2012 that termination was recommended. Plaintiff was advised at that hearing that Assistant Regional Director Curtresha Weston would concur that termination was in order. Plaintiff submitted a letter to be added to her employment file in defense of her position, and turned in a resignation letter. ARD Johnson told Plaintiff that the letter of resignation would have no effect on the negative entry into Plaintiffs permanent employment file; it

would still be recorded as a termination. Human Recourses representative Paul Ross was present at the hearing, along with Plaintiffs son Allen L. Burton.

24.  Several black female Parole Officers in the Webster Parole Office have been found in violation of more serious conduct but were not disciplined as seriously as Plaintiff.   These include:

    Phyllis Henderson:  Using abusive language at a treatment center

    Deandra Douglas:   Falsification of travel & submitting false travel claims, Rule 5, Substandard Duty Performance.

    La Donna Grece:     7 violations; including but not limited to misuse of state time and filing false time records

    Shannon Holiday:    Misuse of State time, and filing false time records

25.  Plaintiff went to her supervisor Mr. Eddison Griffith when the allegations were brought.   Plaintiff pointed out to Mr. Griffith that she was being treated in a discriminatory manner, and that black officers were violating policy, and those violations were not being addressed in an identical manner. Mr. Griffith expressed apprehension to make a report because he feared retaliation, and advised Plaintiff to get an attorney.

26.  The allegations against the Plaintiff are false.

27.     The charge brought under Rule #43 is false, and was used to facilitate discriminatory action.

28.     The allegations were brought against the Plaintiff with the desired result to terminate her employment.

29.     Further incidents of desparet treatment of Plaintiff because she is white are further listed below.

      a.     On December 1, 2011 a offender on Plaintiff's caseload was arrested for armed robbery, resulting in an ORI. An ORI, a Offender Related Incident, is submitted when a offender is arrested, and a parole warrant is issued, when the case involves a firearm and gains media attention.  Very shortly thereafter ARD Weston came to the Webster Parole Office and went over offenders district file very thoroughly to find any updates or areas of supervision that were neglected or incomplete.  No problems were found.

On December 6,2011 Kethani Singleton, a black officer had an offender who committed a home invasion and shot a man in the face in Texas City, TX, and a parole warrant was issued.  That incident resulted in an ORI.  There was not resulting scrutiny of Parole Officer Singleton's file by ARD Weston as was conducted with Plaintiff's.

      b.     On numerous occasions Plaintiff was directed by her supervisor Eddison Griffith to perform extra duties not completed by other officers, and Plaintiff complied

8

with Mr. Griffith's requests. Mr. Griffith was under constant pressure from ARD Weston to complete assignments, and Plaintiff was the only officer Mr. Griffith could depend on to complete those assignments.

Many times Unit Supervisor Monica Roque ordered Plaintiff to take assignments of Phyllis Henderson, and Deandre Douglas, while they were in the office and could easily do their own work. Ms. Roque told Plaintiff she had to do the assignment because Parole Officer Henderson or Douglas did not want to drive to Galveston, and Plaintiff lives there. Plaintiff was given these assignments and completed them going out of her way on numerous occasions, and neglecting her own caseloads. Plaintiff worked after hours on numerous occasions installing electronic monitoring equipment for Specialized Officer Shannon Holiday, who had another job working at the League City Library.

  c. Phyllis Henderson had a parolee on her caseload who lived with one of Plaintiff's Offenders, (it was the Father, Robert Rudolf). Because Parole Officer Henderson did not want to drive to Santa Fe to conduct the monthly home visit, Plaintiff conducted it for her, and entered it in the Offender Information Management system.

## VI.
## CAUSE OF ACTION RACIAL DISCRIMINATION

30. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

31. Plaintiff is a white employee, who was discriminated against because of her race.

32. As described above, Defendant subjected Plaintiff to different terms and conditions of employment because of her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.,* for which Plaintiff requests damages.

33. Other direct and/or circumstantial evidence demonstrates that Plaintiff was terminated because of her race, and that Defendant intended to discriminate against Plaintiff because of her race.

34. As a result of Defendant's actions, Plaintiff has suffered a loss of wages, both in the past and in the future, as well as emotional pain, mental anguish and a loss in benefits.

## VII.
## PENDANT STATE LAW CAUSES OF ACTION

35. Plaintiff reasserts and realleges paragraphs 1- 33 of her foregoing Petition and

pleads a cause of action in violation of § 261.101 *et seq.,* of the Texas Family Code.

36.     Plaintiff alleges that she was retaliated against for protecting the health and wellbeing of a minor child.  Plaintiff alleges that pursuant to § 261.110(f)(4) that the Defendant has in excess of 500 employees allowing Plaintiff damages in the amount of $250,000.00.

## VIII.
## ATTORNEY'S FEES

37.     Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully rewritten herein.

38.     Plaintiff is entitled to recover attorney's fees and costs for bringing this action pursuant to 42 U.S.C. § 1988.

## VIII.
## JURY DEMAND

39.     Plaintiff requests a trial by jury on all issues triable by a jury in this case.

## IX.
## RELIEF REQUESTED

40.     Plaintiff requests the following relief:
   a.   For actual damages for the period of time provided by law including appropriate backpay and reimbursement for lost pension, insurance, and all other benefits;
   b.   For compensatory damages and punitive damages as allowed by law;
   c.   For pre-judgment and post-judgment interest as allowed by law;

d.  For attorney's fees and costs of court; and

e.  For such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

_/s/ Gerson D. Bloom_____
**GERSON D. BLOOM**
State Bar No. 02502600
1023 21st Street (Moody)
Galveston, TX   77553
409-763-6334
409-765-5412 Fax
Email:   gbloomatty@aol.com
Attorney for ELLEN MAE BURTON